IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

Marbis D.R. Roa, )
)
   Plaintiff, )
)
v. ) Case No. 18-cv-00833-W-HFS
)
Swope Community Builders, MI, LP, and )
Fulson Asset Management Company, LLC, )
East Village Apts., )
)
   Defendants. )

**ORDER**

Before the Court Is the pro se motion of Plaintiff Marbis D.R. Roa to reconsider this Court's ruling of June 4, 2020. (Doc. 51).

On June 4, 2020, this Court entered an order granting Defendants' motion for summary judgment on plaintiff's claims of retaliation and intentional infliction of emotional distress, ruling that Defendants terminated plaintiff's Lease because she refused to recertify her income as required by the Lease Agreement. (Doc. 49). Plaintiff seeks reconsideration of this order, contending that she is entitled to relief from judgment because she "had no means of receiving mail for months." She also describes her difficulties in accessing public computers during the pandemic.

The Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, but such motions are typically construed as either a Rule 59(e) motion to alter or amend judgment or as a Rule 60(b) motion for relief from judgment. Auto Servs. Co. v. KPMG, LLP, 537 F.3d 853, 855 (8th Cir. 2008).

Rule 59(e) motions serve the limited function of correcting "manifest errors of law or fact or to present newly discovered evidence." <u>United States v. Metro. St. Louis Sewer Dist</u>., 440 F.3d 930, 933 (8th Cir. 2006) (internal quotation omitted). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Id.* To prevail on a Rule 59(e) motion that is based on new evidence, the movant must show: "(1) that the evidence was discovered after the court's order, (2) that the movant exercised diligence to obtain the evidence before entry of the order, (3) that the evidence is not merely cumulative or impeaching, (4) that the evidence is material, and (5) that the evidence would probably have produced a different result." <u>Williams v. Hobbs,</u> 658 F.3d 842, 854 (8th Cir. 2011) (citation omitted).

Rule 60(b) also permits review of motions to reconsider under Federal Rule of Civil Procedure 60(b). A Court may relieve a party from a final judgment under Fed. R. Civ. P. Rule 60 for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. P. Rule 60(b).

The circumstances described by plaintiff do not qualify for relief under either Rule 59 or 60. The Court is sympathetic that plaintiff was apparently unable to receive her mail or access a public computer. Plaintiff provided the Court with a General Delivery Address and an Attorney who entered a Limited Notice of Appearance received the Order to Show Cause before the entry of summary judgment. (Doc.48). Plaintiff's difficulties in receiving mail and accessing a computer do not qualify her for relief especially when there is no suggestion of new evidence, fraud, or that the judgment was void. Plaintiff does not suggest that there is evidence that she might have presented to refute Defendant's documentary evidence which showed that her lease was terminated because she failed to recertify her income as required by her lease. The merits of the request have therefore been considered, as though the request was timely.

For these reasons, plaintiff's motion for reconsideration is DENIED. It is further ORDERED that a copy of this ORDER should be mailed to plaintiff by regular and certified mail at the address listed in the pleadings.

s/ HOWARD F. SACHS
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

October 14, 2020
Kansas City, Missouri